**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE**

DIAMOND STATE POLE BUILDINGS, LLC   :
                                                 :
                                                 :    C.A. No. 1:24-cv-00082-UNA
           Plaintiff                       :
                                                 :    Jury Trial Demanded
          v.                             :
                                                 :
DELMARVA BUILDINGS, LLC              :
DELMARVA POLE BUILDINGS, INC.     :
DELMARVA POLE BUILDING, LLC      :
DELMARVA POLE BUILDINGS SUPPLY INC. :
DELMARVA POLE BUILDING SUPPLY, INC.  :
QUALITY GARAGE DOORS LLC         :
                                                 :
          Defendants                   :
                                               :

## <u>FIRST AMENDED COMPLAINT</u>

      Diamond State Pole Buildings, LLC, by and through undersigned counsel, hereby

alleges this First Amended Complaint, timely filed pursuant to Fed. R. Civ. P. 15(a),

against DELMARVA BUILDINGS, LLC, DELMARVA POLE BUILDINGS, INC.,

DELMARVA POLE BUILDING, LLC, DELMARVA POLE BUILDINGS SUPPLY

INC., DELMARVA POLE BUILDING SUPPLY, INC., and QUALITY GARAGE

DOORS LLC (hereinafter collectively "the Delmarva Companies") for trademark

infringement, cyberpiracy, and unfair competition, alleging the following:

## <u>NATURE OF THE COMPLAINT</u>

      1.     This cause of action details a classic case of "brandjacking," by which

Defendants' deceived consumers and harmed Plaintiff by engaging in an illicit pattern of

activity of acquiring and assuming the online identity of Plaintiff for the purpose of

acquiring Plaintiff's brand equity and trading on Plaintiff's goodwill.

2.      Specifically, Defendants (a) registered domain names confusingly similar to Plaintiff's trade names, trademarks/service marks, and domain names, and then (b) used those confusingly similar domain names to (i) intercept potential and existing  consumers searching for Plaintiff's online presence, and (ii) lead those consumers to Defendants' own online identity in a manner likely to confuse consumers into believing that they had landed on websites associated with Plaintiff, when in fact such websites were exclusively associated with Defendants, who are direct competitors of Plaintiff.

3.      In one aspect of this pattern of activity, Defendants engaged in typosquatting, by registering a first domain name nearly identical (i.e. misspelled as singular instead of plural) to Plaintiff's primary domain name / trade name / trademark, and leading consumers to Defendants' website when those consumers inadvertently typed the misspelled domain name into a web browser instead of the correctly spelled name.

4.      In another aspect of this pattern of activity, Defendants engaged in cybersquatting by registering a second domain name identical to another of Plaintiff's trade names and trademarks and then leading consumers to another of Defendants' websites from that second domain name.

### THE PLAINTIFF

5.      DIAMOND STATE POLE BUILDINGS, LLC (hereinafter "DSPB" or Plaintiff), formed October 14, 2008, is a limited liability company organized and existing under the laws of the State of Delaware and maintains a place of business at 7288 S Dupont Hwy, Felton, Delaware 19943.

6.      Plaintiff is the owner of the trade name and trademark **DIAMOND STATE POLE BUILDINGS™** and has used the same continuously since 2008 in

connection with goods and services relating to the construction of post frame buildings for agricultural, commercial, equestrian, and residential use, as well as do-it-yourself post frame building packages for installation by purchasers, and installation, service, and repair of residential and commercial overhead doors and rain gutters on various buildings in at least Delaware and Maryland.

7.      Plaintiff is also the owner of the trademark and trade name of its business division **DIAMOND STATE OVERHEAD DOORS™**, which it registered on the Delaware "Trade, Business, & Fictitious Names" database on July 11, 2019, and has used since 2019 in connection with goods and services relating to the installation, repair, and service of residential and commercial overhead doors and rain gutters for all types of building structures, including but not limited to post frame buildings, in at least Delaware and Maryland.

## **THE DEFENDANTS**

8.      On information and belief, Defendant, DELMARVA BUILDINGS, LLC. (hereinafter "BUILDINGS LLC"), formed on or about March 17, 2020, is a limited liability company organized and existing under the laws of the State of Delaware and maintains a principal place of business at 317 N. Layton Ave., Wyoming, Delaware 19934.

9.      On information and belief, Defendant, DELMARVA POLE BUILDINGS, INC. (hereinafter "POLE INC"), formed on or about September 26, 2000, is a corporation organized and existing under the laws of the State of Delaware and maintains a principal place of business at 317 N. Layton Ave., Wyoming, Delaware 19934.

10. On information and belief, Defendant, DELMARVA POLE BUILDING SUPPLY, INC. (hereinafter "BUILDING SUPPLY INC"), formed on or about June 29, 2001, is a limited liability company organized and existing under the laws of the State of Delaware and maintains a principal place of business at 317 N. Layton Ave., Wyoming, Delaware 19934.

11. On information and belief, Defendant, DELMARVA POLE BUILDING, LLC. (hereinafter "POLE LLC"), formed on or about December 14, 2006, is a limited liability company organized and existing under the laws of the State of Delaware and maintains a principal place of business at 317 N. Layton Ave., Wyoming, Delaware 19934.

12. On information and belief, Defendant, DELMARVA POLE BUILDINGS SUPPLY INC. (hereinafter "BUILDINGS SUPPLY INC"), formed on or about February 15, 2011, is a corporation organized and existing under the laws of the State of Delaware and maintains a principal place of business at 317 N. Layton Ave., Wyoming, Delaware 19934.

13. On information and belief, Defendant QUALITY GARAGE DOORS LLC. (hereinafter "QGD"), formed on or about August 31, 2016, is a limited liability company organized and existing under the laws of the State of Delaware and maintains a principal place of business at 317 N. Layton Ave., Suite B, Wyoming, Delaware 19934.

14. On information and belief, all of the foregoing Defendants are related to or affiliated with one another and are under common control.

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction over DSPB's claims against Defendants under 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. §§ 1121, in that this action arises under the trademark laws of the United States, 15 U.S.C. §§ 1125(a) and 1125(d).

16.     This Court also has supplemental jurisdiction over DSPB's state law claims under 28 U.S.C. § 1367.

17.     Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c).

## STATEMENT OF FACTS

**Plaintiff's Extensive and Longstanding Use of the DIAMOND STATE marks**

18.     Plaintiff has used the **DIAMOND STATE POLE BUILDINGS™** trade name and mark continuously since at least as early as 2008 in connection with goods and services relating to the construction of post frame buildings, the supply of packages for do-it-yourself construction of post frame buildings, and the installation, service, and repair of overhead doors and rain gutters in interstate commerce in at least Delaware and the Eastern Shore of Maryland.

19.     Plaintiff has used the **DIAMOND STATE OVERHEAD DOORS™** trade name and mark continuously since at least as early as 2019 in connection with goods and services provided through its business division that sells, installs, repairs, and services overhead doors and rain gutters in interstate commerce in at least Delaware and the Eastern Shore of Maryland.

20.     Plaintiff registered the domain name <**diamondstatepolebuildings.com**> in 2008 and has used the same to advertise its goods and services since at least as early as 2008.

21.     Since 2008, Plaintiff has realized sales and revenues in excess of $115 Million resulting from products and services offered in connection with the **DIAMOND STATE POLE BUILDINGS™** and **DIAMOND STATE OVERHEAD DOORS™** trade names and marks.

22.     Since 2008, Plaintiff has regularly promoted its goods and services in connection with the **DIAMOND STATE POLE BUILDINGS™** and **DIAMOND STATE OVERHEAD DOORS™** trade names and marks, including but not limited to print advertising, including half and full page advertisements in The Guide, the Dover Post, and the Delaware State News, collectively reaching a substantial percentage of adults in Delaware and the Eastern Short of Maryland, contributing to the substantial goodwill that has been established in Plaintiff's trade names and marks.

23.     Through Plaintiff's continuous use of the **DIAMOND STATE POLE BUILDINGS™** trade name and mark since 2008, Plaintiff has acquired distinctiveness and secondary meaning in the **DIAMOND STATE POLE BUILDINGS™** trade name and mark in connection with the respective goods and services associated therewith.

24.     Plaintiff's consistent use of **DIAMOND STATE™** in connection with the sale, installation, service, and repair of overhead doors in connection with its longstanding trade name / mark **DIAMOND STATE POLE BUILDINGS™** between 2008 and 2019, tacked onto its subsequent use from 2019 until the present of **DIAMOND STATE OVERHEAD DOORS™** as a predictable, consistent, and natural extension of that

longstanding mark that creates the same commercial impression and connotation, has
helped cultivate Plaintiff's attainment of secondary meaning and acquired distinctiveness
in the mark **DIAMOND STATE OVERHEAD DOORS™**.

**Infringement by the Delmarva Companies**

*Bad Faith Registration and Use of <diamondstatepolebuilding.com>*

25.    On information and belief, and as shown in the excerpt from a Domain
Report compiled by Domain Tools™ for <diamondstatepolebuilding.com>, attached as
Exhibit A, one of the Delmarva Companies registered the domain name
<diamondstatepolebuilding.com> on February 1, 2018, which lists the registrant
organization as "Delmarva Pole Building Supply" in the WHOIS record archived from
February 1, 2018. On information and belief, and as shown in Exhibit A, the same one of
the Delmarva Companies who initially registered the domain name under the name of
Delmarva Pole Building Supply renewed the registration in February 2020 and February
2022, and began using "Domains By Proxy, LLC" on or before August 16, 2022, at which
time the registrant name "Delmarva Pole Building Supply" was removed from the public-
facing WHOIS information.

26.    The domain name <diamondstatepolebuilding.com> differs from Plaintiff's
registered domain name <**diamondstatepolebuildings.com**> only with respect to the lack
of the letter "s" that renders the term "building" singular rather than plural.

27.    The domain name <diamondstatepolebuilding.com> differs from Plaintiff's
trade name / mark **DIAMOND STATE POLE BUILDINGS™** only with respect to the

lack of the letter "s" that renders the term "building" singular rather than plural, the lack of a space between each adjacent word, and the addition of the top level domain ".com."

28.   The domain name <diamondstatepolebuilding.com> is confusingly similar to Plaintiff's domain name **<diamondstatepolebuildings.com>** and trade name / mark **DIAMOND STATE POLE BUILDINGS™**.

29.   On information and belief, since on or about March 2013, Defendants have owned and/or used the domain name <ilovepolebuildings.com> in connection with their online home page to promote Defendants' goods and services associated with pole buildings.

30.   On information and belief, Defendants registered <diamondstatepolebuilding.com> for the purpose of intercepting consumers looking for Plaintiff's online identity at **<diamondstatepolebuildings.com>** and deceptively leading those intercepted consumers to Defendants' own online identity at <ilovepolebuildings.com>, instead.

31.   On information and belief, at least as early as June 2019 and continuously through a date sometime between September 25 and October 2, 2023, Defendants or their agents or licensors configured the domain name <diamondstatepolebuilding.com> to redirect visitors to the Uniform Resource Locator (URL) (i.e. internet address) associated with that domain name to the URL associated with <ilovepolebuildings.com>.

32.   The record stored by the "Internet Archive Wayback Machine" (web.archive.org) associated with <diamondstatepolebuilding.com> captured on June 13, 2019, shows that the URL associated with that domain name was being redirected to <ilovepolebuildings.com>, and the records stored by the same source for

<ilovepolebuildings.com>, captured on December 25, 2018, and July 31, 2019, show advertising for Delmarva Pole Buildings during the overlapping time period.  Screen prints of all of the foregoing are provided in Exhibit B.

33.     Through this redirecting, Defendants used the domain name <diamondstatepolebuilding.com> to promote goods and services identical or highly related to those promoted by Plaintiff in connection with its trade name and mark **DIAMOND STATE POLE BUILDINGS™**, including the goods and services promoted on Plaintiff's website associated with its domain name **<diamondstatepolebuildings.com>**.

34.     On information and belief, the Delmarva Companies intentionally registered and used the domain name <diamondstatepolebuilding.com> with knowledge that Plaintiff was known by the trade name and mark **DIAMOND STATE POLE BUILDINGS™** and was using the domain name **<diamondstatepolebuildings.com>** to host its home page website advertising Plaintiff's goods and services.

35.     As of February 1, 2018, when the Delmarva Companies registered the domain name <diamondstatepolebuilding.com>, and/or as of February 2020 or February 2022, when the Delmarva Companies renewed the same, Plaintiff had already attained secondary meaning and acquired distinctiveness in the trade name and mark **DIAMOND STATE POLE BUILDINGS™** in the minds of relevant consumers through exclusive and substantial use of the same as a source indicator in connection with its goods and services in interstate commerce since at least as early as 2008.

36.     Plaintiff's exclusive and substantial use of **DIAMOND STATE POLE BUILDINGS™** as a source indicator in connection with Plaintiff's goods and services

was particularly strong in the geographic area where the Delmarva Companies provide goods and services in direct competition to Plaintiff.

### Bad Faith Registration and Use of <diamondstateoverheaddoors.com>

37.     On information and belief, based upon a Domain Report on <diamondstateoverheaddoors.com> compiled by Domain Tools™, attached as Exhibit C hereto, one of the Delmarva Companies registered the domain name <diamondstateoverheaddoors.com> on March 7, 2020, which lists the registrant organization in WHOIS records from March 7, 2020, as "Delmarva Pole Buildings."  On information and belief, the same one of the Delmarva Companies who initially registered the domain name under the name of Delmarva Pole Buildings renewed the registration in March 2021, March 2022, and March 2023, and began using "Domains By Proxy, LLC" on or before June 16, 2022, at which time the registrant name "Delmarva Pole Buildings" was removed from the public-facing WHOIS information.

38.     The domain name <diamondstateoverheaddoors.com> is confusingly similar to Plaintiff's trade name and mark **DIAMOND STATE OVERHEAD DOORS™.**

39.     The domain name <diamondstateoverheaddoors.com> differs from Plaintiff's trade name and mark **DIAMOND STATE OVERHEAD DOORS™** only with respect to the lack of a space between each adjacent word and the addition of the top level domain ".com."

40.     The domain name <diamondstateoverheaddoors.com> differs from Plaintiff's trade name and mark **DIAMOND STATE POLE BUILDINGS™** only with

respect to the different terms "overhead doors" and "pole buildings," the lack of a space between each adjacent word and the addition of the top level domain ".com."

42. On information and belief, since on or about February 2018, Defendants have owned and used the domain name <itrustquality.com> as the home page website of Defendant QGD, allegedly promoting "GARAGE DOORS AND GUTTERS DONE RIGHT" in connection with a logo including the name "Quality Garage Doors and Gutters."

42. On information and belief, Defendants registered <diamondstateoverheaddoors.com> for the purpose of intercepting consumers looking for Plaintiff's **DIAMOND STATE OVERHEAD DOORS™** business and deceptively leading those intercepted consumers to Defendants' own online identity at <itrustquality.com>, instead.

43. On information and belief, at least as early as December 2021, and continuously through a date sometime between September 25 and October 2, 2023, Defendants or their agents or licensors configured the domain name <diamondstateoverheaddoors.com> to redirect visitors to the URL associated with that domain name to the URL associated with <itrustquality.com>. Exhibit D, which is screen print of the record stored by the "Internet Archive Wayback Machine" (web.archive.org) from December 1, 2021, shows the redirection of <diamondstateoverheaddoors.com> to <itrustquality.com>, and screen captures from <itrustquality.com> from September 25, 2021 and January 16, 2022 show advertising for QGD during the overlapping time period.

44. As of March 7, 2020, when the Delmarva Companies registered the domain name <diamondstateoverheaddoors.com>, and/or as of March 2021, March 2022, or

March 2023, when the Delmarva Companies renewed the same, Plaintiff had already attained secondary meaning and acquired distinctiveness in the trade name and mark **DIAMOND STATE OVERHEAD DOORS™** in the minds of relevant consumers through use of the same as a source indicator in connection with the sale, installation, service, and repair of overhead doors and rain gutters in interstate commerce since at least as early as 2019, and through tacking on to Plaintiff's use of **DIAMOND STATE** in connection with the sale, installation, service, and repair of overhead doors and rain gutters under the **DIAMOND STATE POLE BUILDINGS™** house mark since 2008.

### *Defendants' Bad Faith*

45.     On information and belief, none of the Delmarva Companies are known by or traded under, or have ever been known by or traded under, the names DIAMOND STATE POLE BUILDING, DIAMOND STATE POLE BUILDINGS, DIAMOND STATE OVERHEAD DOORS, or any name incorporating the term DIAMOND STATE.

46.     On information and belief, Defendants registered and used the domain name <diamondstatepolebuilding.com> to intentionally divert consumers from Plaintiff's online location for **DIAMOND STATE POLE BUILDINGS™** (located at **<diamondstatepolebuildings.com>)** to Defendants' website hosted at <ilovepolebuildings.com> for commercial gain.

47.     On information and belief, Defendants registered and used the domain name <diamondstateoverheaddoors.com> to intentionally divert consumers from Plaintiff's online location for **DIAMOND STATE OVERHEAD DOORS™** to Defendants' website hosted at <itrustquality.com> for commercial gain.

48.     Defendants registration and use of the domain names <diamondstatepolebuilding.com> and <diamondstateoverheaddoors.com> created a likelihood of confusion as to the source of the goods and services advertised by Defendants on the websites to which those domain names were redirected as being sponsored, affiliated, or endorsed by Plaintiff.

49.     Defendants registration and use of multiple domain names confusingly similar to the trade names, marks, and/or domain names of Plaintiff, demonstrate a pattern of conduct illustrative of Defendants' bad faith.

50.     Defendants' intentional registration of domain names that are nearly identical copies of Plaintiff's trade names, marks, and/or domain names, and intentional use of these copies to redirect users to Defendants' websites, were undertaken to pass off Defendants websites, and goods and services advertised thereon, as having an association with Plaintiff.

51.      Defendants had no reason to copy Plaintiff's trade names, marks, and/or domain names, other than to create source confusion.

52.     Defendant's intentional copying of Plaintiff's trade names, marks, and/or domain names supports Plaintiff's acquired distinctiveness and secondary meaning in its trade names / marks **DIAMOND STATE POLE BUILDINGS™**, **DIAMOND STATE OVERHEAD DOORS™**, and related domain names.

53.     Plaintiff sent a cease and desist letter to Defendants on September 21, 2023, with a confirmation copy delivered via Federal Express on September 25, 2023, demanding that the Delmarva Companies (a) promptly cease and desist from using the <diamondstatepolebuilding.com> and <diamondstateoverheaddoors.com> domain names

13

or any domain names confusingly similar to Plaintiff's **DIAMOND STATE POLE BUILDINGS™** and **DIAMOND STATE OVERHEAD DOORS™** trade names and marks, (b) agree to take all steps to voluntarily transfer ownership of the domain names <diamondstatepolebuilding.com> and <diamondstateoverheaddoors.com> to Plaintiff at no charge, and (c) provide analytics showing how many visitors clicked on the diamondstatepolebuilding.com> and <diamondstateoverheaddoors.com> for the duration of the period that Delmarva Companies used those domain names for redirection, including any other information showing whether customer inquiries received via such clicks resulted in corresponding sales of goods or services.  See Exhibit E.

54.     Defendants have not provided a written or verbal response, or even acknowledged, the cease and desist letter sent by Plaintiff; however, as of October 2, 2023, the <diamondstatepolebuilding.com> and <diamondstateoverheaddoors.com> domain names were no longer redirecting to websites owned or operated by Defendants.

55.     On information and belief, Defendants or their agents or affiliates continue to maintain and control the <diamondstatepolebuilding.com> and <diamondstateoverheaddoors.com> domain names.

## COUNT I

### Federal Unfair Competition under 15 U.S.C. § 1125(a)

56.     All of the allegations of paragraphs 1-55 are incorporated herein by reference.

57.     For the duration of period in which the <diamondstatepolebuilding.com> and <diamondstateoverheaddoors.com> domain names were redirected to sites owned and

operated by Defendants, those redirections constituted false or misleading representation to its customers and the public, that Defendants were affiliated, connected, or associated with Plaintiff.

58.    Defendants' false or misleading representations were willful and for the express purpose of trading on the goodwill that Plaintiff had built in its trade names and marks and constituted unfair competition under 15 U.S.C. §1125(a).

## COUNT II

## Cyberpiracy under 15 U.S.C. § 1125(d).

59.    All of the allegations of paragraphs 1-58 are incorporated herein by reference.

60.    Defendants registered and used, with a bad faith intent to profit from such use, the domain names <diamondstatepolebuilding.com> and <diamondstateoverheaddoors.com>, which are confusingly similar to Plaintiff's trade names and marks **DIAMOND STATE POLE BUILDINGS™** and **DIAMOND STATE OVERHEAD DOORS™** in which Plaintiff had acquired distinctiveness and secondary meaning and accumulated substantial goodwill prior to Defendants' registration and use thereof.

61.    On information and belief, despite having discontinued use of the domain names <diamondstatepolebuilding.com> and <diamondstateoverheaddoors.com>, Defendants or their affiliates or licensors remain the owners of the domain <diamondstatepolebuilding.com> and <diamondstateoverheaddoors.com>, meaning that Plaintiff continues to be exposed to a risk that Defendants will resume use thereof, or transfer rights to a third party over whom Plaintiff has no control.

## COUNT III
### (Common Law Trademark Infringement)

62.     Plaintiff repeats and re-alleges each allegation contained in paragraphs 1-61 of this Complaint as if fully set forth herein.

63.     Plaintiff has continuously used and is the owner of the **DIAMOND STATE POLE BUILDINGS™** and **DIAMOND STATE OVERHEAD DOORS™** marks in connection with construction of post frame buildings, sale of do-it-yourself post frame buildings, and sale, installation, repair, and service of residential and commercial overhead doors and rain gutters for all types of building structures in at least the state of Delaware and the Eastern Shore of Maryland.

64.     The use of the <diamondstatepolebuilding.com> and <diamondstateoverheaddoors.com> domain names by Defendants constitutes trademark infringement and passing off in violation of the common law of Delaware, and causes a likelihood of confusion, deception, and mistake.

65.     Defendants' infringement is knowing, deliberate, and willful.

66.     Defendants' acts have caused irreparable damage and injury to Plaintiff and are likely to continue to cause irreparable injury to Plaintiff unless Defendants are permanently enjoined and restrained by this Court from further use in commerce of the <diamondstatepolebuilding.com> and <diamondstateoverheaddoors.com> domain names.

## COUNT IV
### (Common Law Unfair Competition)

67.     Plaintiff repeats and re-alleges each allegation contained in paragraphs 1-66 of this Complaint as if fully set forth herein.

68.     Defendant's use in commerce of the <diamondstatepolebuilding.com> and <diamondstateoverheaddoors.com> domain names has diverted business from Plaintiff to Defendants, causing damage to Plaintiff's business representation, image, and goodwill.

69.     Defendants' acts have caused irreparable damage and injury to Plaintiff and are likely to continue to cause irreparable injury to Plaintiff unless Defendants are permanently enjoined and restrained by this Court from further use in commerce of the <diamondstatepolebuilding.com> and <diamondstateoverheaddoors.com> domain names, and ownership of the same are transferred to Plaintiff.

### COUNT V
### (Deceptive Trade Practices under the
### Delaware Uniform Deceptive Trade Practices Act)

70.     The allegations of paragraphs 1 through 69 above are incorporated herein by reference.

71.     Plaintiff has registered the trade name **DIAMOND STATE POLE BUILDINGS LLC** as a business entity and the trade name **DIAMOND STATE OVERHEAD DOORS** as a fictitious name with the State of Delaware and uses these names to identify its business and distinguish that business from the businesses of others.

72.     The domain names <diamondstatepolebuilding.com> and <diamondstateoverheaddoors.com> are confusingly similar to Plaintiff's trade names **DIAMOND STATE POLE BUILDINGS LLC** and **DIAMOND STATE OVERHEAD DOORS**.

73.     The domain names <diamondstatepolebuilding.com> and <diamondstateoverheaddoors.com> are confusingly similar to Plaintiff's marks

**DIAMOND STATE POLE BUILDINGS™** and **DIAMOND STATE OVERHEAD DOORS™**.

74.     Defendants' unauthorized use in the course of business of the <diamondstatepolebuilding.com> and <diamondstateoverheaddoors.com> domain names in connection with the advertising and promotion of goods and services identical or highly related to those of Plaintiff, constituted passing off of Defendants' goods and services as those of Plaintiff.

75.      Defendants' unauthorized use in the course of business of the <diamondstatepolebuilding.com> and <diamondstateoverheaddoors.com> domain names, in connection with the advertising and promotion of goods and services identical or highly related to those of Plaintiff, caused a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of Defendants' goods or services.

76.      Defendants' unauthorized use in the course of business of the <diamondstatepolebuilding.com> and <diamondstateoverheaddoors.com> domain names, in connection with the advertising and promotion of goods and services identical or highly related to those of Plaintiff, caused a likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, Plaintiff or the goods and services of Defendants.

77.     Defendants' unauthorized use in the course of business of the <diamondstatepolebuilding.com> and <diamondstateoverheaddoors.com> domain names, in connection with the advertising and promotion of goods and services identical or highly related to those of Plaintiff, constituted a representation that the goods or services of

18

Defendants had a sponsorship, approval, status, affiliation, or connection to Plaintiff, which Defendants did not and do not have.

78.     Defendants' acts constituted deceptive trade practices in violation of 6 *Del. C.* § 2532.

79.     Defendants' acts were knowing, intentional, and willful.

80.     As a result of Defendants' infringement of the **DIAMOND STATE POLE BUILDINGS™** and **DIAMOND STATE OVERHEAD DOORS™** marks, Plaintiff has suffered and is continuing to suffer irreparable injury, and has incurred and is continuing to incur monetary damage in an amount that has yet to be determined.

<u>**COUNT VI**</u>
**(Common Law Unjust Enrichment)**

81.     Plaintiff repeats and re-alleges each allegation contained in paragraphs 1-80 of this Complaint as if fully set forth herein.

82.     Defendants have traded on Plaintiff's goodwill in Plaintiff's **DIAMOND STATE POLE BUILDINGS™** and **DIAMOND STATE OVERHEAD DOORS™** marks to advertise and sell goods and services that directly compete with those of Plaintiff via online advertising hosted on webpages redirected from <diamondstatepolebuilding.com> and <diamondstateoverheaddoors.com> to consumers who are likely to have been confused and to remain confused as to an affiliation between Defendants and Plaintiff.

83.     Defendants have secured an economic benefit from its infringement of the **DIAMOND STATE POLE BUILDINGS™** and **DIAMOND STATE OVERHEAD DOORS™** marks via its bad faith registration and use of the domain names <diamondstatepolebuilding.com> and <diamondstateoverheaddoors.com>.

84. By the above acts, Defendants have been unjustly enriched, and have caused harm to Plaintiff.

**PRAYER FOR RELIEF**

In view of the foregoing, Plaintiff asks that this Court grant relief as follows:

A. That Defendants, and their owners, principals, officers, directors, agents, member companies, related companies, and affiliates, be permanently enjoined from use of the **DIAMOND STATE POLE BUILDINGS™** and **DIAMOND STATE OVERHEAD DOORS™** marks or any confusingly similar designation, alone or in combination with other words, as an internet domain name, trademark, service mark, trade name component, or otherwise to market, advertise, or identify Defendants or their goods and services;

B. That Defendants be required to account to Plaintiff and to pay over to Plaintiff an amount equal to all gains, profits, and advantages derived by Defendants by reason of the infringement of the **DIAMOND STATE POLE BUILDINGS™** and **DIAMOND STATE OVERHEAD DOORS™** marks and acts of unfair competition;

C. That, should the Court find the accounting of gains, profits, and advantages stated in Paragraph B inadequate compensation for Plaintiff, Defendants be required to pay Plaintiff such sum as the Court shall find just according to the willful nature of Defendants' unlawful acts;

D. That Defendants be required to pay Plaintiff a sum equal to the damages sustained by Plaintiff associated with Defendants' infringement of the **DIAMOND STATE POLE BUILDINGS™** and **DIAMOND STATE OVERHEAD DOORS™** marks;

E.      That Defendants be required to pay Plaintiff a sum equal to Defendants' unjust enrichment derived from its bad faith use and registration of the <diamondstatepolebuilding.com> and <diamondstateoverheaddoors.com> domain names to divert business from Plaintiff's online sites;

F.      That Defendants, or their owners, principals, officers, directors, agents, member companies, related companies, or affiliates in possession thereof, be ordered to transfer ownership of the domain names <diamondstatepolebuilding.com> and <diamondstateoverheaddoors.com> to Plaintiff;

G.      That Defendants be ordered to pay statutory damages of $100,000 per domain name found to be in violation of section 15 U.S.C. 1125(d)(1), if Plaintiff elects this remedy instead of actual damages and profits before the Court renders a final judgement;

H.      That Defendants be ordered to undertake corrective measures to counteract the false consumer impressions created by their illicit acts;

I.      That Defendants be ordered to pay treble damages, the costs of this action, and attorney fees to Plaintiff for Defendants' intentional infringement and bad faith registration and use of confusingly similar domain names to Plaintiff's trade names, marks, and domain names; and

J.      That the Court order such other and further relief as may be appropriate.

Respectfully submitted,

BUCHANAN INGERSOLL & ROONEY

Dated:  January 23, 2024                    By:  */s/ Rex A. Donnelly*

Rex A. Donnelly, DE Bar No. 3492
500 Delaware Avenue
Suite 720
Wilmington, Delaware 19801
rex.donnelly@bipc.com
Tel. (302) 552-4200
Facsimile (302) 552-4295

Counsel for Plaintiff
Diamond State Pole Buildings, LLC

7077864